Isidore Bollinger, J.
Defendant, Department of Investigation, after receiving complaints that District 4 Sanitation Department personnel were collecting waste from commercial enterprises for remuneration, in violation of Sanitation Department Rules and the Penal Law, commenced an inquiry, in the rightful discharge of its duty (New York City Charter § 803). The inquiry is being made with the knowledge and co-operation of the Environmental Protection Administration and its sub-agency, the Department of Sanitation.
The issue raised on this motion is whether plaintiffs, sanitationmen, assigned to District 4, must submit to having their photographs taken, at their garage, during normal working hours, by a Sanitation Department photographer. The pictures are intended to be shown to complainants by the Department of Investigation in an attempt to identify those involved in the alleged illegal refuse collection scheme.
It must be kept in mind that this investigation is not a criminal prosecution. Any evidence of crime adduced from compelling testimony from these plaintiffs may not be used against them in any subsequent criminal prosecution. However, a public employee, who is suspected of violating the public.trust, cannot remain both silent and immune from disciplinary action or dismissal.
Plaintiffs contend that the photographing will compromise their constitutional rights under the Fourth and Fifth Amendments. This is not so. Both Federal and State courts have *899 “ usually held that it offers no protection against compulsion to submit to * * * photographing * * * The distinction which has emerged * * * is that the privilege is a bar against compelling ‘ communications ’ or 1 testimony, ’ but that compulsion which makes a suspect or accused the source of ‘ real or physical evidence ’ does not violate it.”, (Schmerber v. California, 384 U. S. 757, 764.)
The exhibition of recent photographs of the plaintiffs to complainants no more violates plaintiffs’ privilege against self incrimination than having the victim of a recent crime identify the alleged perpetrator through a one-way glass. This identification has been held valid (People v. Jefferson, 55 Misc 2d 96).
The cases cited by plaintiffs on this issue are not in point because they were all criminal prosecutions and, as in Matter of Mackell v. Palermo (59 Misc 2d 760) defendant’s appearance was changed against his will by having him shaved.
Plaintiffs also argue that their right of privacy is being invaded by the threatened photographing. There is little merit to this argument. As stated, the pictures are to be taken at the garage during regular working hours. There is no detention involved. Even the submission of one’s fingerprints to an employer with the distinct possibility that the fingerprints would be turned over to the State’s central criminal files has been held not to be violative of his rights. (Thom v. New York Stock Exch., 306 F. Supp. 1002.)
Had the city a policy of annual photographing for identity purposes, as a condition of employment, plaintiffs would have no cause to complain. Here, although the photographing is limited to the plaintiffs, the right of the city to require it is no less. Ample reason for the picture taking has been shown.
Plaintiffs’ argument that the picture taking is an assault is rejected out of hand.
Plaintiffs are not entitled to have an attorney present when any of their pictures are exhibited to complainants. This is not a criminal prosecution, nor is any testimonial evidence to be adduced. Simmons v. United States (390 U. S. 377, 384) is dispositive of this issue wherein the court said: ‘ ‘ Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a' *900 course of cross-examination at trial which exposes to the jury the method’s potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. ”
The motion for a preliminary injunction is denied in all respects.